FILED
2016 SEP 13 AM 10: 25
U.S. DISTRICT COURT
FORT MYERS, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

DANIEL MORSE,

    Plaintiff

vs

ROYAL SHELL VACATIONS, INC.,
a Florida, for-Profit, Corporation

    Defendant

CASE NO.:

2:16-cv-699-FtM-99MRM

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DANIEL MORSE, (hereinafter, "Plaintiff"), by and through his undersigned counsel, Blackwell, Vishio & Fisher, PLLC files this complaint against ROYAL SHELL VACATIONS, INC., (hereinafter, "Defendants") and in support thereof avers as follows:

### JURISDICTION and VENUE

1. Jurisdiction in this Court is proper as this is a claim to recover, inter alia, unpaid overtime wages, pursuant to the requirements of the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 et seq., (hereinafter "FLSA"), as well as an equal amount as liquidated damages, reasonable attorney's fees and costs of this action and such other legal and equitable relief.

1

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims are being made under 29 U.S.C. § 215 (a) (2) (3) and § 216 (a) (b).

3. Venue in the Middle District of Florida is proper pursuant to 28 U.S.C § 1391 because Defendants are subject to personal jurisdiction in the Middle District of Florida as well as a substantial part of the events involved in this lawsuit took place in the Middle District of Florida, Fort Myers Division and, further, defendant's principle place of business is located in Lee County, Florida.

### PARTIES

4. At all times material to this cause of action, Plaintiff was a resident of Lee County and he currently resides in Fort Myers, Florida.

5. At all times material to this cause of action, Defendant is a Florida, for-profit corporation with its principal place of business located at 1547 Periwinkle Way, Sanibel, Lee County, Florida and has been and continues to do business in the state of Florida and in particular, Lee and Collier counties.

6. At all times material to this cause of action Defendant was in the business of providing full service rental property management for owners and homeowners to oversee, manage, and maintain hundreds of rental properties throughout Southwest Florida, with such management including, caring for, maintaining, repairing and/or fixing rental properties.

7. At all times material to this cause of action. Plaintiff was employed by Defendant as a non-exempt, non-management, maintenance technician to work a minimum of 40 hours per week, but was also required to be "on-call" twenty-four (24) hours a day, seven (7) days per work week where he was required to answer, respond to and handle the "after hours" maintenance calls from owners and/or renters who had problems at the various rental properties managed by Defendant.

8. At all times material to this action, Plaintiff was an "employee" of the Defendant within the meaning of the FLSA.

9. At all times material to this action Defendant was Plaintiff's "employer" within the meaning of the FLSA.

10. At all times material to this action, Defendant was an "enterprise engaged in commerce" within the meaning of the FLSA.

11. Plaintiff believes and therefore avers that the annual gross revenue of the Defendant was in excess of $500,000 per annum during the relevant time periods.

12. Plaintiff has consented in writing to be a party to this FLSA claim pursuant to 29 U.S.C. §216(b). (See Exhibit "A" attached hereto and made a part hereof).

## FACTUAL ALLEGATIONS

13. Because he was "on-call" at all hours, Plaintiff was required by Defendant to wear the company uniform and drive the company truck bearing the "ROYAL SHELL" identifier or logo on a 24 hour 7 days per week basis for the period beginning

November 2011 and continuously thereafter up until the date of his discharge in June 2015.

14. At all times material hereto, Plaintiff believes and therefor avers that he incurred unpaid but compensable time, including but not limited to, handling company emails, answering phone calls and wearing the company uniform and driving the company truck.

15. At all times material to Plaintiffs cause of action, in addition, to working his regular 40 hours per week, Plaintiff was also called out on "after-hours" maintenance calls the number or hours of which varied from day-to-day anywhere from a minimum of 7 ½ hours per week to upwards of 20 additional hours per week.

16. During that aforesaid time period, defendant failed and refused to pay Plaintiff for any of his overtime hours worked on the basis of time and one-half as required by §207 of the FLSA and, instead, paid him a flat rate of $150 per week notwithstanding the number of hours Plaintiff actually worked.

17. Plaintiff should be compensated at the statutory required rate of pay at one and one half for all overtime hours Plaintiff worked within the statutory time period.

18. Upon information and belief, any and all records pertaining to the overtime jobs, assignments, hours worked and rate of pay are solely in the possession of Defendant and/or its relevant vendors.

19. Defendants, on a continuing basis, have violated Title 29 U.S.C. §207 from the start of his employment in 2011 up to his date of discharge in June 2015, insofar as:

    A.    Plaintiff believes and therefore avers that he worked in excess of forty (40) hours for most and/or all of the work weeks during the period of his employment; and

    B.    Defendant failed and refused to properly pay Plaintiff at the requisite statutory rate of one and one-half times Plaintiff's regular rate for all those hours worked in excess of forth (40) hours per week, as provided by the FLSA; and

    C.    Defendants purposefully failed and refused to keep proper time records of Plaintiff's overtime hours as required by the FLSA.

20. Defendant's failure and refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was done willfully and in disregard of applicable laws.

21. When Plaintiff attempted to raise the issue of overtime pay he was threatened that to do so would result in immediate discharge.

22. Defendants failed and/or refused to properly disclose, apprise or discuss Plaintiff of his rights under the FLSA.

## COUNT I
### RECOVERY OF OVERTIME COMPENSATION

23. Plaintiff avers paragraphs 1 through 22 set forth above as though more fully set forth herein.

24. From the beginning of his employment in 2011 and continuing through the date of his discharge in June 2015 Plaintiff was required to work in excess of forth (40) hours per week for most if not all of the workweeks Plaintiff worked for which he was not compensated at the statutory rate of pay of one and one-half times Plaintiff's regular rate of pay.

25. For the three (3) year period preceding the filing of the initial complaint in this matter, Plaintiff is entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

26. At all times material to Plaintiff's claim, Defendants failed and refused to maintain proper overtime records as required by the FLSA.

27. Defendant's actions were willful and done in disregard of the provisions and requirements of the FLSA based upon their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forth (40) hours per workweek when they knew, or should have known said overtime compensation was due and payable.

28. Defendant's failed and refused to properly disclose, apprise and/or discuss with Plaintiff his right to overtime pay under the FLSA.

29. Defendant's intentional, willful, and unlawful acts caused Plaintiff to suffer substantial damages in the form of lost overtime compensation for the hours worked in excess of forty (40) hours per week, plus an additional equal amount as liquidated damages as provided by the FLSA.

30. Plaintiff is entitled to an award of reasonable attorneys' fees and cost of this action pursuant to 29 U.S.C. §216(b).

31. Plaintiff has retained the law firm of BLACKWELL, VISHIO & FISHER, PLLC, to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

WHEREFORE, Plaintiff requests this honorable court enter a judgment in his favor and against Defendant for actual and liquidated damages, prejudgment interest as well as costs, expenses and attorneys' fees and such other relief as deemed proper by this Court.

## JURY TRIAL DEMANDED

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: _Sept 12, 2016_

Respectfully submitted,

_____
Jason N. Vishio, Esquire
FL. Bar No. 105623
BLACKWELL, VISHIO & FISHER, PLLC
2180 W. 1ST Street
Suite 330
Fort Myers, FL 33901
Tel: 239-703-7210
Fax: 239-703-7213
Email: jvishio@bvflaw.com

*Trial Counsel for Plaintiff*

7